For plaintiff: Russell W. Richmond, Esq.

For defendant: Robinson & Robinson.

Antonio Boiano  
vs.  Eq. No. 10145.  
John Barone, et ux.

Edward Nista  
vs.  Eq. No. 10146.  
John Barone, et ux.

Andrew Denuccio  
vs.  Eq. No. 10147.  
John Barone, et ux.

Albert Denuccio  
vs.  Eq. No. 10144.  
John Barone, et ux.

February 13, 1931.

BLODGETT, P. J.  Petitions for enforcement of liens upon property owned by John Barone and Victoria his wife.

Petitioners allege the work was done for Thomas Rich, who had a contract for the building of a house. There is no averment in the petition as to who made the contract with Rich for the said house. Petitioners seek to have the liens enforced against the interests of Barone and his wife.

Exhibit C of the petition does state that Rich contracted to build said house for John and Victoria Barone, and that the work was done at the request of Rich.

Respondents claim:

1. That petitioners have given no proper notice as required by Sec. 6, Chap. 301, Gen. Laws 1923.

The statute requires that a person, in order to acquire a lien, shall give notice in writing to the person of his intention to claim a lien, and shall place upon record a copy of said notice. The officer's return shows that he left a copy of the notice with the recorder of deeds of the City of Providence, and he left a notice (of which the within is a true copy) at the last and usual place of abode of John and Victoria Barone.

The words "of which the within is a true copy" would seem to refer to the notice, not that what he served was a copy, as he also notes in such return that he filed the copy with the recorder of deeds.

The commencement of legal proceedings by filing in the record office a statement of the amount of the claim and a reference to the property affected was complied with by each of said petitioners on the 23d day of January, 1930, and the petitions duly filed in Court.

2. That petitioners claim liens against John Barone and Victoria, his wife.

The original contract was between John Barone and Rich. There is no testimony that his wife, Victoria, consented in writing. She was present in the course of construction and tacitly consented to the contract.

The claim of respondents is that the entire proceedings are void as the liens are filed against both owners.

The Court is of the opinion that the liens are effective against the estate of John Barone in the said property but not against the estate of the wife. *Cameron* vs. *McCullough*, 11 R. I. 173.

3. Respondents claim that two of the petitioners, viz.: Andrew and Albert Denuccio, were minors at the time of the commencement of the work.

The record shows that the work commenced December 14, 1929, and that Andrew became of age December 27, 1929, and that at the time of the filing of petition he was of age.

In the opinion of the Court the statute has been complied with by Andrew.

The record shows that Albert was not of age at any step in the proceedings and that the petition of Albert must be dismissed, not being brought by a guardian or next friend.

Orders may be entered declaring the following liens against the interest of John Barone in the described premises:

Decision for Antonio Boiano for $75.
Decision for Edward Nista for $73.
Decision for Andrew Denuccio for $85.

Petitions dismissed as to Victoria Barone.

For petitioner: Uldrich Pettine.
For respondents: Knauer & Fowler & Luigi DePasquale.